IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WALTERS | : | CIVIL ACTION |
| v. | : | |
| BERKS COUNTY PRISON | : | NO. 11-6357 |

MEMORANDUM

McLaughlin, J.                                                    March 9, 2012

        The plaintiff, who has since been released from custody, filed this suit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated as a result of the conditions he experienced and the treatment he received while confined at the Berks County Jail System ("BCJS"). The defendant has moved to dismiss the complaint for failure to state a claim or plead facts that give rise to municipal liability. The Court will grant the defendant's motion.

I.    Facts

        The plaintiff alleges that the physical conditions of his cell were unsanitary to the point of violating his constitutional rights. The plaintiff was "housed in an area where [he was] being forced to eat and sleep directly next to a toilet . . . emitting unpleasant odors" and was not permitted to eat elsewhere, despite the presence of mice and insects. His cell had cracks in the concrete floors and walls, which also contained plaster debris and were painted with lead. Compl. 4; Tr. Hr'g 1/25/12 at 8.

As a result of those conditions and the presence of mice and ants, he was at a high risk for infection. In addition, the overhead light in the plaintiff's cell was not turned off at nighttime, making it difficult to sleep. The plaintiff claims that these conditions violated his "rights to a safe and clean environment." Compl. 4.

The plaintiff also suffered an infection approximately the size of a silver dollar on his left leg from July to December 2010. Medical staff treated the infection with an antibiotic, wrapped his wound with a bandage, and told him that his dressing would be changed daily. Despite requesting assistance, the plaintiff did not receive additional treatment and he treated the wound himself. As a result, the plaintiff developed a scar, lost muscle mass, and experienced severe pain. Compl. 5. The plaintiff alleges that the unsanitary conditions at the BCJS caused the infection in his leg, as evidenced by posters at the prison warning of a bacterial infection the Court understands may have been methicillin-resistant staphylococcus aureus, or "MRSA." Tr. Hr'g 1/25/12 at 5-6. At other times, the plaintiff suggested that the infection might be something other than MRSA. Id. at 10-11. The plaintiff argues that the negligent and neglectful behavior of individual members of medical staff working at the prison resulted in his infection. At oral argument the defendant clarified that this staffer was likely a physician's assistant

for Prime Care Medical, the BCJS's medical contractor.  <u>Id.</u> at 7, 9.

The plaintiff is no longer confined in the BCJS.  The complaint seeks an order directing the BCJS to fix the problems in the prison and money damages for the time he spent incarcerated under such conditions in 2010-2011.

II.  <u>Discussion</u>

The defendant has moved to dismiss the complaint, asserting that the plaintiff fails to state a claim and fails to allege facts sufficient to support a claim of municipal liability.  The Court agrees, finding that the facts alleged by the plaintiff do not give rise to a constitutional violation and are insufficient to impose municipal liability on BCJS.

   A.  <u>Eighth Amendment Violations</u>

The Eighth Amendment is violated by the conditions of an inmate's confinement when there is an "unnecessary and wanton infliction of pain" by prison officials, "whether that conduct occurs in connection with establishing conditions of confinement [or] supplying medical needs."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  The conditions of imprisonment may violate the Eighth Amendment if they, "alone or in combination, . . . deprive inmates of the minimal civilized measure of life's necessities."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  These necessities

include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The United States Court of Appeals for the Third Circuit has interpreted the "deprivation of basic human needs" standard as requiring proof of two elements: (a) "a sufficiently serious objective deprivation," and (b) "that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 418 (3d Cir. 2000). Deliberate indifference requires that a prison official acted with actual awareness of excessive risks to the plaintiff's safety. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Here, the plaintiff's allegations do not establish that the conditions in the his cell deprived him of life's necessities. See, e.g., Flores v. Wagner, No. 11-1846, 2011 WL 2681596 (E.D. Pa. July 8, 2011) (concluding that another BCJS inmate's being forced to eat meals next to his toilet did not violate the Constitution). See also Detainees of the Brooklyn House of Detention for Men v. Malcolm, 520 F.2d 392, 396 (2d Cir. 1975) ("The discomfort of eating in a cell is not, of itself, an unconstitutional hardship . . . ."). The conditions of the plaintiff's confinement as stated, while harsh, do not meet the high standard of an "extreme deprivation[]" required to state a

claim for constitutional violations arising out of conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

Finally, the plaintiff's allegations regarding his infection do not state a claim under Section 1983 as against BCJS. The plaintiff acknowledges that he in fact did receive medical treatment, and his allegations are conceded to be ones of neglect rather than the "deliberate indifference" required by prison officials for a cognizable constitutional violation. The plaintiff's reference to posters at the BCJS regarding infection suggests that the prison was in fact aware of the risk of infection and took steps to combat it, rather than that BCJS was deliberately indifferent to the risk of infection. See Tr. Hr'g at 9. Further, the defendant made clear at oral argument that medical treatment at the prison is performed by a third-party contractor rather than prison officials. Id. For these reasons, the Court cannot conclude that any actions taken by BCJS with respect to the plaintiff's medical treatment violated his constitutional rights.

The plaintiff's factual allegations regarding his treatment can not state a claim against BCJS unless he can show in an amended pleading that (a) BCJS took actions that worked a constitutional deprivation with respect to the plaintiff's medical care, and, as explained below, (b) such a deprivation was pursuant to a policy, practice, or custom of BCJS.

B.   <u>Municipal Liability</u>

The plaintiff also has not alleged facts sufficient to state a claim against BCJS, a governmental entity, on his claims relating to medical treatment. To state a claim for relief under Section 1983 against a governmental entity for the actions of its employees, those individuals must have acted in a way that can "fairly be said to represent official policy." <u>Carter v. City of Phila.</u>, 181 F.3d 339, 356-57 (3d Cir. 1999) (quoting <u>Monell v. N.Y. City Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978)). This is because government entities cannot be held liable under Section 1983 on a respondeat superior theory. <u>Monell</u>, 436 U.S. at 691. Here, the plaintiff has not alleged facts suggesting that his rights were violated pursuant to an official policy or practice of the BCJS, at least with respect to the medical care that he received.[1] His claims against the BCJS regarding his infection are thus independently dismissible for this reason.

The plaintiff's allegations in the complaint and at oral argument describe conditions in the BCJS that were undoubtedly difficult for him to endure. The Court has taken those allegations and construed them liberally in light of the fact that the plaintiff proceeds pro se. See <u>Spruill v. Gillis</u>,

---

[1] Construed liberally, the allegations regarding the condition of the plaintiff's cell and the requirement that he be forced to eat meals inside of it can fairly be said to represent official BCJS policy within the meaning of <u>Monell</u>.

372 F.3d 218, 236 n.12 (3d Cir. 2004) (citing Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004)).  The plaintiff has still failed to satisfy the pleading requirements of Rule 8.  See Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992) (despite the "special obligation to construe [a pro se litigant's] complaint liberally," a pro se litigant's pleading must satisfy the Federal Rules).  The Court will therefore dismiss the plaintiff's claims without prejudice.  The plaintiff will have thirty days to file an amended complaint.

       An appropriate order shall issue separately.